<pre>                                                                                    FILED</pre>

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
Greeneville Division

FEB 2 6 2021

Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

| | |
|---|---|
| IN THE MATTER OF SEARCH OF )<br>STORED ELECTRONIC DATA )<br>CONTAINED IN FOUR CELLULAR )<br>PHONES SEIZED FROM NISSAN )<br>XTERRA ) | No. 2:21-MJ-35 |

## AFFIDAVIT IN SUPPORT OF APPLICATION
## FOR SEARCH WARRANT AND SEARCH WARRANT

I, Brandon G. Johnson, Task Force Officer, United States Department of Justice, Drug Enforcement Administration, being duly sworn under oath, states as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I, Brandon G. Johnson, I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am an investigative or law enforcement officer within the meaning of Section 2510(7) of Title 18 of the United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18 of the United States Code.

3. I am currently employed as a Drug and Narcotics Investigator with the Kingsport Police Department, assigned to the U.S. Drug Enforcement Administration (DEA) as a Task Force Officer, and have been so assigned for one (1) year, and two (2) months.

1

Case 2:21-mj-00035-CRW   Document 2   Filed 02/26/21   Page 1 of 7   PageID #: 2

Prior to my assignment with the DEA, I was a Drug and Narcotics Investigator and Patrol Officer with the Kingsport, TN Police Department for four (4) years. Prior to my employment with the Kingsport Police Department, I was a Patrol Officer with the Bluff City Police Department in Bluff City, Tennessee for approximately four (4) years. I was trained as a Police Officer at the Walter State Basic Police Academy. While at the Walter State Basic Police Academy, I received training in drug recognition, drug investigation and drug law prosecution. During the last nine (9) years of my law enforcement career, I have attended various classes/courses which specialize in the techniques and laws of criminal and drug investigations. The training included information that directly relates to possession, manufacturing and distribution of illegal narcotics including marijuana, methamphetamine, cocaine, heroin and prescription narcotics. During my employment as a Drug and Narcotics Investigator and DEA Task Force Officer, I have participated in multiple investigations involving the seizure of marijuana, methamphetamine, cocaine and prescription narcotics, the seizure of narcotic related records and other types of evidence that document a criminal organization's activities in both the manufacturing and distribution of controlled substances. To successfully conduct these investigations, I have utilized a variety of investigative techniques and resources, including physical and electronic surveillance and various types of informants and cooperating sources. Through these investigations, my training and experience, and conversations with other experienced Agents and law enforcement personnel, I have become familiar with the methods used by traffickers to smuggle and safeguard narcotics, to distribute narcotics, and collect and launder related proceeds. I am

2

aware of the sophisticated tactics they routinely use to attempt to thwart any investigation of their narcotics organizations.

4. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF DEVICE TO BE EXAMINED

5. The property to be searched is four cellular telephones, specifically:

   (1) a blue Motorola Verizon cellular telephone, model: XT2052-2PP;

   (2) a silver iPhone, model A1549, IMEI: 359238065287123;

   (3) a holographic silver Samsung cellular telephone in black case, Model: SM-S515DL(GP), IMEI: 354564110841332; and

   (4) a black Samsung cellular telephone in black case with metal ring, IMEI: 354232113539622.

   These cellular telephones, hereinafter the "Devices", were located and seized from a white Nissan Xterra occupied by BARRY LYNN JONES and MEGAN BOWLES on January 15, 2021. The Devices are currently located in evidence locker number 2 at the DEA Johnson City Post of Duty in Johnson City, Tennessee.

## STATEMENT OF PROBABLE CAUSE

6. The United States, including the Drug Enforcement Administration, is conducting a criminal investigation of BARRY JONES regarding possible violations of 21 U.S.C. §841(a)(1), distribution and possession with the intent to distribute methamphetamine, a Schedule II controlled substance; 21 U.S.C. §846, conspiracy to

3

24. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

25. Based on the foregoing, I submit that there is probable cause to believe that the Devices contains evidence of drug trafficking, specifically violations of Title 21 USC 841(a)(1) and 846, Distribution of Methamphetamine and Conspiracy to Distribute Methamphetamine, respectively.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully submitted,

Brandon G. Johnson
Drug Enforcement Administration, Task Force Officer

Subscribed and sworn to before me on February 26, 2021.

CYNTHIA RICHARDSON WYRICK
United States Magistrate Judge

15

# ATTACHMENT A

The property to be searched is four (4) cellular telephones, specifically:

(1) a blue Motorola Verizon cellular telephone, model: XT2052-2PP;

(2) a silver iPhone, model A1549, IMEI: 359238065287123;

(3) a holographic silver Samsung cellular telephone in black case, Model: SM-S515DL(GP), IMEI: 354564110841332; and

(4) a black Samsung cellular telephone in black case with metal ring, IMEI: 354232113539622.

These four phones are collectively referred to as "The Devices." The Devices were seized from a white Nissan Xterra, Kingsport, Tennessee, on January 15, 2021 during the arrest of MEGAN BOWLES and BARRY JONES and are currently in the custody of the Drug Enforcement Administration, and located in the Eastern District of Tennessee. This warrant authorizes the forensic examination of The Devices for the purpose of identifying the electronically stored information described in Attachment B.

16

## ATTACHMENT B

The items to be seized include data found in the storage medium of the Devices, specifically the data described below:

All records stored on the Devices described in Attachment A that relate to violations of Title 21 U.S.C. § 841(a)(1) or 21 U.S.C. 846, including:

a. Lists of customers and related identifying information;

b. Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

c. Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

d. Phone numbers and/or contact information for associates;

e. Photographs depicting drugs, drug paraphernalia, drug proceeds, firearms or known drug associates and coconspirators;

f. Text messages related to drug activity, illegal possession of firearms or probative of conspiracy to distribute drugs;

g. Evidence of user attribution showing who used or owned the phones at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created

17

or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.